IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTAY KENNEDY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BARRY SMITH, et al. | : | NO. 22-238 |

REPORT AND RECOMMENDATION

SCOTT W. REID                                              DATE:  July 21, 2022
UNITED STATES MAGISTRATE JUDGE

This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by Dontay Kennedy, who is currently incarcerated at SCI Houtzdale, in Houtzdale, Pennsylvania. For the reasons that follow, I recommend that the petition be denied in part and dismissed in part, with prejudice.

I.	*Factual and Procedural Background*

Following a jury trial in the Court of Common Pleas for Delaware County, Kennedy was convicted on September 25, 2019, of carrying a firearm without a license, possession of a firearm by a person prohibited, fleeing police, recklessly endangering another person, and accident involving injury.  *Petition* at ¶¶ 2(a) and 5.  On October 25, 2019, he was sentenced to 6 ½ to 15 years' incarceration.  *Id*. at ¶¶2(b), 3.

As described by the Pennsylvania Superior Court, the evidence underlying Kennedy's conviction was as follows:

> At trial, the Commonwealth first called to the stand Tinicum Township Police Officer Sean Ryan.  Officer Ryan testified that on November 29, 2018, he was on routine patrol in a marked police vehicle from 6:00 p.m. to 6:00 a.m.  At approximately 1:00 a.m., he attempted to stop a vehicle, later determined to be driven by Appellant, for going 10 m.p.h. above the posted speed limit. When the officer activated his lights and sirens, Appellant "took off at a very high rate of speed."  Appellant's vehicle ultimately crashed into another car, at which point Appellant exited his vehicle, "made eye contact" with the

officer, and then "began to run." As Appellant fled, Officer Ryan observed that "his right hand was near his right pocket[,]" although the officer did not see a firearm in Appellant's hand at any point, and he never saw Appellant make a motion or gesture like he was throwing something. Appellant ran into a marshy area with very thick mud and brush, at which point the officer lost sight of him. Officer Ryan called for backup as he returned to the site of the accident to check on the driver of the car Appellant hit.

Within minutes, approximately 10 to 15 backup officers arrived and set up a perimeter around the marshy area into which Appellant had run. A canine officer and dog also quickly arrived and, within "[o]ne to two minutes[,]" they located Appellant in the marsh. Officer Ryan testified that Appellant was immediately "walked to ]the officer's] patrol vehicle," and "was placed in the rear" of the car. The windows of the vehicle were rolled up.

Officer Ryan was then notified that a firearm had been found in the "travel lanes" of the highway beside the marsh, approximately 10 to 15 feet away from where Appellant had been found and apprehended. The gun had "some gashes" on the "butt end" as if it had been "dropped at a significant pace or from a significant height …" Officer Ryan testified that he "could tell that ][the gun] was obviously recently dropped" because there was "a large gash in it as if it [had been] tossed." "There w[ere] also water spots on the gun itself, and … there was water splatter around the firearm on the ground." Notably, the weather that night was dry.

Officer Ryan also testified that he observed that "there was no magazine in the firearm." The officer was asked if he "ever [told Appellant] the firearm was found without a magazine[,]" to which he answered, "No, I did not." The Commonwealth's witness at trial, Tinicum Township Police Detective James Simpkins, testified that he encountered Appellant in the holding cell area of the police station later in the morning on the day Appellant was arrested. According to the detective, Appellant was "hollering … towards [the detective] like he wanted to talk[,]" at which point Appellant said to him, "why would I have a gun that didn't have a magazine in it?" Detective Simpkins testified that he "spoke to Officer Ryan and any other officers that were there [at the station] and asked them if anybody had ever … said anything to [Appellant] … about the magazine not being in the firearm." The detective stated that "they all told me no, that [it] was never said to [Appellant] or … ever said in his presence." Detective Simpkins memorialized Appellant's remark in his incident report.

*Commonwealth v. Kennedy*, No. 3303 EDA 2019 (Pa. Super. Apr. 12, 2021) at 5-7. (Citations to

the trial transcript omitted).

Kennedy appealed his conviction to the Pennsylvania Superior Court. In his appeal, he

argued that (1) the trial court erred by denying his motion for judgment of acquittal on the

firearm charges where the evidence was insufficient to show that he possessed the firearm

2

recovered by the police; and (2) the trial court abused its discretion in denying his motion for a new trial on the basis that the weight of the evidence did not permit a conclusion that he possessed the firearm. *Id*. at 2. The Superior Court denied relief in an opinion dated April 12, 2021. *Id*. The Pennsylvania Supreme Court denied Kennedy's petition for allowance on October 14, 2021. *Petition* at ¶9(g).

Kennedy filed the present petition for habeas corpus relief on January 14, 2022. In it, he raises the same issues he raised before the Commonwealth courts:

> GROUND ONE: Insufficiency of the evidence. The trial court erred when it denied Petitioner's motion for Judgment of Acquittal on the firearm charges because the Commonwealth presented insufficient evidence that petitioner constructively possessed a firearm discovered on a busy public road in a high crime area;
>
> GROUND TWO: Abuse of discretion. The verdict was against the weight of the evidence where the evidence weighs in favor of concluding that petitioner fled the police to avoid arrest for marijuana possession [rather than for possession of a firearm] and that he could not have been the source of the recovered firearm.

*Petition* at ¶ 12.

II.     *Legal Standards*

    A.     *Standard for Issuance of a Writ of Habeas Corpus*

In enacting the Antiterrorism and Effective Death Penalty Act of 1196 ("AEDPA"), Congress significantly limited the federal courts' power to grant a writ of habeas corpus. Where the claims presented in a federal habeas petition were adjudicated on the merits in the state courts, a federal court may not grant habeas relief unless the adjudication either (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §2254(d).

As the United States Supreme Court has explained, a writ may issue under the "contrary to" clause of Section 2254(d)(1) only if the "state court applies a rule different from the governing rule set forth in [United States Supreme Court] cases or if [the state court] decides a case differently than [the United States Supreme Court] has done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A writ may issue under the "unreasonable application" clause only where there has been a correct identification of a legal principle from the Supreme Court but the state court "unreasonably applies it to the facts of the particular case." *Id*. This requires a petition to demonstrate that the state court's analysis was "objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). State court factual determinations are given considerable deference under AEDPA. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

    B.    *State Rulings on State Law*

In reviewing a habeas petition, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This standard is codified in AEDPA:

> [A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Accordingly, the United States Supreme Court has decided that "federal habeas corpus relief does not lie for errors of state law," because "it is not the province of a federal habeas court to reexamine state-court determination on state-law questions." *Estelle*, *supra*, at 67-8.

Thus, a habeas petitioner can obtain relief for an error in a state law evidentiary ruling only where it so infected the entire trial that the resulting conviction violated the Due Process Clause. *Id.* at 70.

III.   *Discussion*

    A.   *Sufficiency of the Evidence*

Kennedy argues that the evidence was insufficient to sustain his conviction on the firearm offenses because it did not prove his constructive possession of the gun found in the road adjacent to the marsh where he was arrested. As the Pennsylvania Superior Court noted, "the two firearm offenses for which Appellant was convicted obviously require the Commonwealth to prove that he possessed a gun." *Commonwealth v. Kennedy*, *supra*, at 3.

The Pennsylvania Superior Court considered this claim on Kennedy's direct appeal, but affirmed the trial court's conclusion that the jury heard evidence sufficient to support a conclusion of constructive possession, permitting conviction on the firearm offenses. *Id*. at 7-8. As above, this Court can grant habeas relief only if it concludes that the Superior Court's decision in this regard was contrary to, or involved an unreasonable application of federal law; or if its decision was based on an unreasonable determination of the facts. 28 U.S.C. §2254(d).

The Court of Appeals for the Third Circuit has recently reiterated:

> When a petitioner alleges entitlement to habeas relief by challenging the sufficiency of the evidence supporting his state court conviction. … the clearly established federal law governing the insufficient evidence claim is the standard set out by the Supreme Court in *Jackson v. Virginia*. 443 U.S. 307 (1979). *See*, *e.g.*, *Eley* [*v. Erickson*], 712 F.3d [837 (3d Cir. 2013)] at 847 ("The clearly established federal law governing Eley's [insufficient evidence] claim was determined in *Jackson*"). Under *Jackson*, "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Jackson*, 443 U.S. at 319[.]

*Travillion v. Superintendent Rockview SCI*, 982 F.3d 896, 902 (3d Cir. 2020).

5

The Pennsylvania Superior Court based its decision in this regard on Pennsylvania law, but applying the standard set forth in *Jackson*: "We review claims regarding the sufficiency of the evidence by considering whether 'viewing all the evidence admitted in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.'" *Commonwealth v. Kennedy*, *supra*, at 3, *quoting Commonwealth v. Parish*, 191 A.3d 31, 36 (Pa. Super. 2018).

This is consistent with the decision of the Court of Appeals for the Third Circuit that the *Jackson* standard is identical to Pennsylvania's test for sufficiency of the evidence. *Piasecki v. Court of Common Pleas of Bucks County, Pennsylvania*, Civ. A. No. 14-7004, 2021 WL 1105338 (E.D. Pa. Mar. 23, 2021) at *5, *citing Evans v. Court of Common Pleas of Delaware County*, 959 F.2d 1227, 1232-3 (3d Cir. 1992). The standard used by the Pennsylvania Superior Court was not, therefore, contrary to the federal standard.

Nor did the Pennsylvania Superior Court apply this standard unreasonably. It considered all of the evidence set forth on pages 1-2 herein, and wrote:

> We conclude that this evidence, viewed in the light most favorable to the Commonwealth, was sufficient to sustain Appellant's firearm convictions. Contrary to Appellant's claim, the Commonwealth did not merely prove that he was present in the location where the gun was discovered. Rather, it presented sufficient evidence to establish that he knew about the gun, and that he had thrown the gun from the wet area of the marsh onto the roadway. Namely, Officer Ryan saw Appellant reaching toward his pocket as he ran; the gun was wet, despite the dry weather conditions that night; and Appellant was approximately 10 to 15 feet from the gun, which had marks indicating that it had been thrown or tossed onto the road.
>
> Moreover, Appellant's remark about the gun's not having a magazine proved that he knew about the firearm. While Appellant insists that an officer at the scene could have told him this fact, or he could have overheard it, such an inference would be unreasonable from the evidence presented at trial. Namely, Officer Ryan testified that Appellant was placed in the backseat of the police cruiser immediately after he was discovered and arrested, which was before the officer had investigated the gun. The windows of the police cruiser were closed, indicating Appellant could not have overheard comments about the gun's missing magazine. In addition, Officer Ryan stated that he never told

6

> Appellant that the gun did not have a magazine, and Detective Simpkins testified that other officers at the police station told him that they also had not informed Appellant of this fact. From this testimony, the jury reasonably inferred that Appellant knew about the missing magazine because the gun was his.

*Commonwealth v. Kennedy*, *supra,* at 7-8.

It was reasonable for the Pennsylvania Superior Court to conclude, based on the evidence admitted at trial, that a rational trier of fact could have found beyond a reasonable doubt the element of possession necessary to support Kennedy's conviction on the firearm charges. *See Jackson*, *supra* at 443 U.S. 319. It is possible that the jurors could reasonably have concluded that Kennedy heard about the gun's missing magazine from the law enforcement officers, who may not have realized he heard them, but it was also rational for them to have concluded – as they evidently did – that this was not the case.

Kennedy has not even attempted to refute the accuracy of the Pennsylvania Superior Court's description of the evidence admitted at trial. Accordingly, there is no argument to be made that its decision represented an unreasonable determination of the facts. Under AEDPA, therefore, this claim does not provide Kennedy with a basis for relief.

    B.    *Weight of the Evidence*

Kennedy's second claim is that the verdict against him on the firearm charges was against the weight of the evidence, and that the trial court judge abused her discretion in not so finding. It is well established, however, that a challenge to the weight of the evidence is not a cognizable claim in a petition for habeas corpus relief. *See*, *e.g.*, *Harvey v. Rivello*, Civ. A. No. 17-189, 2021 WL 6297753 at *4 (E.D. Pa. Sep. 13, 2021), *approved and adopted* 2022 WL 63050 (E.D. Pa. Jan. 6, 2022); *Hill v. Ferguson*, 396 F. Supp.3d 506, 524 n. 18 (E.D. Pa. 2019); *Phomma v. DelBalso*, Civ. A. No. 17-499, 2017 WL 7734297 at *8 (E.D. Pa. Aug. 14, 2017), *approved and*

7

*adopted* 2018 WL 950103 (E.D. Pa. Feb. 16, 2018); *Nguyen v. Wenerowicz*, Civ. A. No. 12-6631, 2018 WL 6473264 at *4 (E.D. Pa. Dec. 10, 2013).

As the Honorable William H. Yohn explained:

> Under AEDPA, a petitioner's challenge to the weight of the evidence is not a cognizable ground for federal habeas corpus relief because it does not claim a constitutional violation. *See Tibbs v. Florida*, 457 U.S. 31, 37-38, 102 S. Ct. 2211, 72 L.Ed.2d 652 (1982). A weight of the evidence claim challenges "issues of credibility," arguing that "a greater amount of credible evidence supports one side of an issue or cause than another." *Id*. at 38-39. Federal courts, however, are precluded from re-evaluating the credibility of witnesses on habeas corpus review. *Marshall v. Longberger*, 459 U.S. 422, 434-35, 103 S. Ct. 843, 74 L.Ed.2d 646 (1983). Accordingly, a claim that a trial court decision was against the weight of the evidence is not a valid basis for habeas corpus review.

*Nguyen*, *supra*, at 2013 WL 6473265 at *4. This claim cannot, therefore, be considered here.

IV.   *Conclusion*

For the reasons set forth above, I now make the following:

### RECOMMENDATION

AND NOW, this     day of July, 2022, it is respectfully recommended that Count One of this petition be DENIED, and Count Two be DISMISSED. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. *See Leyva v. Williams*, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE